**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| PERMANENT GENERAL ASSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:18-cv-00481-NKL |
| SUSAN RENEE SHERIDAN, *et. al.*, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Before the Court is defendant David Hicks' motion to dismiss Plaintiff's declaratory judgment complaint, Doc. 8. For the following reasons, Hicks' motion to dismiss is granted.

**I.    Background**

This case arises following a July 26, 2013 motorcycle/automobile accident between defendants Hicks and Darrius Sheridan, in which Hicks suffered personal injury and property damage. Prior to the accident, Permanent General Assurance Corporation ("PGAC") issued Susan Sheridan an auto insurance policy, which included bodily injury liability limits of $25,000 per person and $50,000 per occurrence. On September 17, 2015, Hicks filed suit in the Circuit Court of Johnson County, Missouri against driver, Darrius Sheridan for negligence, and vehicle owner, Susan Sheridan, for negligent entrustment. On May 15, 2017, the Circuit Court entered a Default Judgment against Darrius Sheridan and awarded Hicks $750,000 in actual damages, $6,000 in property damage, and $1,500,000 in punitive damages.

On June 21, 2018, PGAC filed its Complaint in this Court for a declaratory judgment that it owed no liability coverage to either Susan Sheridan or Darius Sheridan for the claims made by

Hicks and had no duty to defend or indemnify Susan Sheridan or Darrius Sheridan against Hicks' claims. On August 22, 2018, Hicks filed a petition for equitable garnishment and declaratory judgment in the Circuit Court of Johnson County, Missouri against PGAC, Susan Sheridan, and Darius Sheridan. On that same day, Hicks filed his pending motion to dismiss.

## II.    Discussion

Hicks argues that dismissal is appropriate because the amount in controversy requirement for diversity jurisdiction is not met. In the alternative, Hicks argues that even if the Court finds it has subject matter jurisdiction, it should decline to entertain PGAC's declaratory judgment action in favor of a pending state equitable garnishment and declaratory judgment proceeding.

### A.    Amount in Controversy

Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" and is between "citizens of different States." PGAC's Complaint claims jurisdiction based on diversity of citizenship and identifies PGAC as a resident of Wisconsin and Hicks and the Sheridans as a residents of Missouri. As the party invoking the Court's jurisdiction, PGAC must present facts supporting jurisdiction by a preponderance of the evidence. *Schubert v. Auto Owners Inc., Co.*, 649 F.3d 817, 822 (8th Cir. 2011). Specifically, PGAC must show that the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). The sum claimed by the plaintiff in good faith is usually dispositive. *Schubert*, 649 F.3d at 822. However, the sum is not controlling where it "appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Scottsdale Ins. Co. v. Universal Crop Protection Alliance, LLC*, 620 F.3d 926, 932 (8th Cir. 2010).

Hicks argues that the amount in controversy threshold requirement cannot be met, because

the maximum limit to which PGAC can be held liable is the insurance policy limits—$25,000 per person and $50,000 per occurrence. Doc. 1-2 (Insurance Policy), p. 2. While it is true that insurance policy limits are generally relevant to determining the amount in controversy,[1] Hicks has asserted a claim for wrongful denial of coverage in state court for damages in excess of those limits. Doc. 8-1 (Hicks Petition), ¶ 42. Thus, PGAC's potential loss is not limited by the policy limits; it also includes potential recovery in excess of those limits for wrongful denial of coverage.[2] *See Sauvain v. Acceptance Indem. Ins. Co.*, 500 S.W.3d 893, 897 (Mo. Ct. App. 2016) ("In Missouri, if an insurer is found to have breached its duty to defend, it may be liable for all resultant damages (the amount of the judgment)—even beyond the policy limits.") (citing *Schmitz v. Great Am. Assurance Co.*, 337 S.W.3d 700, 708–09 (Mo. Banc 2011)). [3]

Because the Court cannot say to a legal certainty that the amount in controversy is less than the jurisdictional amount, the sum claimed by PGAC in good faith is dispositive.[4] This Court has subject matter jurisdiction to hear PGAC's declaratory judgment complaint.

---

[1] *See Scottsdale*, 620 F.3d at 932 ("policy limits are relevant to determining the amount in controversy when the validity of the entire policy is at issue"); *Lowe v. First Fin. Ins. Co.*, No. 14-00801-CV-W-JTM, 2015 WL 753139, at *3 (W.D. Mo. Feb. 23, 2015) (quoting 14AA CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3710 (4th ed. 2014)) ("if the claim exceeds the policy limits, the maximum limit of the insurer's liability under the policy for the particular claim is the measure for determining whether the statutorily required amount in controversy is satisfied").

[2] As the parties do not address the likely cost of a defense provided to the Sheridans should there be a duty to defend, the Court will not address the potential impact of said costs in meeting the required $75,000 threshold for amount in controversy.

[3] *See also Lowe*, 2015 WL 753139, at *3 (finding that plaintiff made "no claims against the insurance companies for any amounts other than the . . . coverage available under their policies" critical to the determination that the amount in controversy was not met); *Progressive Cas. Ins. Co. v. Bowers*, No. 18-00231-CV-W-ODS, 2018 WL 3015256, at *4 (W.D. Mo. June 15, 2018) (finding amount in controversy not met where defendant had not alleged a claim for vexatious refusal).

[4] Having found the amount in controversy met, the Court need not address PGAC's argument that the amount in controversy is met on the basis of the insurance policy provision providing for "supplementary payments," including pre- and post-judgment interest.

**B.      Court's Discretion to Exercise Jurisdiction**

Though the Court has subject matter jurisdiction and could entertain this declaratory judgment action, it must also determine whether it should do so.  District courts possess "unique and substantial discretion" in determining whether to hear cases brought pursuant to the Declaratory Judgment Act, "even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 286, 288 (1995) ("the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration"); *see also Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008).

Hicks argues that this action should be dismissed in favor of a pending parallel equitable garnishment and declaratory judgment proceeding in the Circuit Court of Johnson County, Missouri.  Thus, the threshold question in determining whether to dismiss this suit is whether the state proceeding presents an opportunity for the same issues to be addressed.  *Atain Specialty Ins. Co. v. Frank*, No. 12-CV-01290-NKL, 2013 WL 12145863, at *3 (W.D. Mo. Mar. 25, 2013).  "If so, the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000) (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)).  Suits are parallel if "substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005).  Factors relevant to whether proceedings are parallel include the

"scope of the pending state court proceeding and the nature of defenses open there." *Wilton*, 515 U.S. at 282–83 (quotation omitted).

The parties before the Court now are all parties to the pending state equitable garnishment and declaratory judgment proceeding.[5]  PGAC seeks a declaration in federal court that its policy does not provide coverage for the July 26, 2013 accident, while Hicks seeks damages and a declaration in state court that PGAC's policy did provide coverage for the July 26, 2013 accident. Moreover, both cases are governed solely by Missouri insurance law, which the state court is better poised to apply.  *See Haverfield*, 218 F.3d at 875.

PGAC, nevertheless, argues that the state court proceeding is not a "valid" or "actual" parallel state court action as to the issues raised by PGAC here, because Hicks lacks standing to pursue his state equitable garnishment and declaratory judgment claims.  Doc. 11, pp. 11, 12. Specifically, PGAC argues that Hicks lacks standing to bring his state equitable garnishment claims because he has not obtained a "final judgment" against the Sheridans, and that Hicks likewise lacks standing to assert his state claims for declaratory relief because he is neither a party to the subject insurance contract nor is he a third-party beneficiary.  *See* Mo. Rev. St. §§ 379.200 (equitable garnishment); 527.020 (declaratory judgment).  In essence, PGAC asks the Court to rule on a substantive issue of state law currently before the Circuit Court of Johnson County, Missouri. The Court declines to do so.  The federal courts' discretion in abstaining from actions such as this is "founded on the recognition that state, not federal, courts are the final expositors of state law." *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 122 n.4 (1981).  The "system of judicial federalism has enough inherent friction without the added aggravation of unnecessary

---

[5] *See David Hicks v. Permanent General Assurance Corp., et al.*, Case No. 18JO-CC00239; Docs. 8-1 (Hicks Petition), p. 23 and 11-2 (Docket), p. 1.

federal declarations on questions [that a state court will address in a pending state action]." *Mitcheson v. Harris*, 955 F.2d 235, 240 (4th Cir.1992).

It would be uneconomical for the Court to proceed in this declaratory judgment suit where Hicks' equitable garnishment and declaratory judgment action "presenting the same issues, not governed by federal law, between the same parties" remains pending in state court. *Haverfield*, 218 F.3d. at 874–75. The most efficient outcome, and the one most aligned with principles of federalism and comity is to abstain from the instant action. Because the Court foresees "no reason for the case to return to federal court," the Court finds dismissal, rather than a stay, appropriate. *Id.* at 875 n.2.

## III. Conclusion

For the foregoing reasons, defendant Hicks' motion to dismiss, Doc. 8, is granted.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  October 2, 2018
Jefferson City, Missouri